IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRY KOBYLCZAK,

    Plaintiff,                 No. CIV S-08-01226 GEB KJM

    vs.

SARA LEE BAKERY GROUP, et al.,

    Defendants.           <u>ORDER</u>

/

        Defendants' motion to dismiss for failure to prosecute or in the alternative to compel discovery came on for hearing before the undersigned on April 8, 2009. William Bishop appeared for defendants; Robert McCann appeared for plaintiff. Having carefully considered the parties' filings in this case, including plaintiff's belated opposition filed after defendant's reply, having discussed the matter with counsel and heard argument from them, and good cause appearing, the court finds as follows.

        Plaintiff has now appeared in response to defendants' motion, however belatedly. Plaintiff's counsel represents that he served discovery responses prior to hearing, and that his client is sufficiently healthy, following a heart attack in mid-2008, to now appear for deposition. Therefore, plaintiff cannot be said to have abandoned this litigation so as to justify dismissal for failure to prosecute.

/////

1

With regard to discovery in particular, plaintiff's counsel represents that as of April 7, 2009, he served initial disclosures by mail, as well as responses to written discovery propounded by defendant. He provided copies of the initial disclosures to defendants' counsel at hearing. Plaintiff's counsel does not dispute that he served all of the discovery responses well after their initial due dates, without having obtained timely extensions; as a result all objections to the discovery requests are waived. Fed. R. Civ. P. 33(b)(4). Because of the lateness of plaintiff's service of discovery and thus defendant's inability to determine prior to hearing whether the responses are complete, defendant's motion to compel responses to all of the written discovery propounded to date will be granted.

At hearing, plaintiff's counsel agreed that plaintiff will appear for deposition on April 16, 2009 at 9:00 a.m., in the office of defendant's counsel. It is undisputed that plaintiff failed to appear at his deposition when it was scheduled for January 8, 2009; plaintiff's counsel concedes he did not see and review the deposition notice served on him in November 2008 because the notice was misplaced during an office move.

Defendant seeks monetary sanctions in the amount of attorneys' fees and costs incurred in connection with preparation of the pending motion and attendance at hearing, as well as for the time spent and expenses incurred in connection with the deposition scheduled for January 8, 2009, at which plaintiff did not appear. Defendant's counsel represents he spent approximately an hour handling the non-appearance on January 8, and was billed by the court reporter for $627.18, an amount confirmed by his provision of the court reporter's invoice. The total amount in sanctions defendant seeks is $8,292.18. Plaintiff's counsel disagrees that he or his client should have to pay any of defendant's attorneys' fees, in part because he sent a letter to defendant's counsel proposing new deposition dates. The letter was sent on February 26, 2009, approximately seven weeks after plaintiff failed to appear for deposition. Counsel agrees he should pay the court reporter's costs incurred on January 8, but believes the reasonable costs should be limited to $250.00.

In cases in which a party fails to attend deposition or respond to interrogatories, the Federal Rules of Civil Procedure provide, in pertinent part, that in addition to other possible permissive sanctions,

> the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d)(3). Here, given the lead time provided by defendant's notice of the January 2009 deposition and plaintiff's counsel's concession that his office misplaced the notice, taken together with plaintiff's counsel's taking seven weeks after the missed deposition to provide new dates, the court cannot find the failure to appear for deposition substantially justified. Nor does the court find so justified plaintiff's counsel's failures to obtain extensions of time to respond to discovery or to file timely objections at a minimum, to file timely opposition to the pending motion, or to serve discovery responses until the day before hearing. While some reduction in the amount requested by defendant is warranted in light of the circumstances of plaintiff's serious health problems experienced in 2008, the court cannot completely relieve plaintiff of the requirement that he or his counsel bear the reasonable fees and expenses necessitated by the repeated delays in fulfilling discovery obligations in a case plaintiff himself has brought. Having carefully reviewed defendant's counsel's declaration and supporting exhibits, the court finds justification for awarding reasonable fees for ten hours of time, plus the court reporter's expenses, for a total to be paid by plaintiff of $4,277.18.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's deposition is scheduled for April 16, 2009 beginning at 9 a.m.
2. Defendant's motion to compel is granted in full.
3. Plaintiff's objections to defendant's written discovery are deemed waived.

4. Defendant's motion for monetary sanctions is granted to the extent plaintiff and/or his counsel are directed to pay to defendant the amount of $4,277.18.

5. Defendant's motion to dismiss for lack of prosecution is denied without prejudice.

DATED: April 9, 2009.

_____
U.S. MAGISTRATE JUDGE

saralee.mtc